**Akhil K. MISHRA, Appellant**

v.

**Richard NOLAN, Lead Agent, Drug Enforcement Administration.**

No. 05–5236.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 22, 2006.

Filed: June 29, 2006.

---

Akhil Kumar Mishra, Glenshaw, PA, pro se.

Rebecca R. Haywood, Office of United States Attorney, Pittsburgh, PA, for Richard Nolan, Lead Agent, Drug Enforcement Administration.

Before: RENDELL, AMBRO and ROTH *, Circuit Judges.

**OPINION OF THE COURT**

**PER CURIAM.**

In 2000 Akhil K. Mishra was convicted after a jury trial of selling drug paraphernalia. Five years later he filed a pro se complaint alleging that Richard Nolan, a DEA agent who testified for the prosecution, knowingly made false statements during Mishra's trial so that Mishra could be convicted and his property seized. Mishra seeks restoration of "judicial integrity and public confidence" and a new trial. In response, Nolan moved to dismiss on numerous grounds, including the statute of limitations and absolute immunity.

Construing the complaint as a *Bivens* action, the District Court agreed with Nolan that the complaint was untimely and that even if it were not, Nolan enjoys absolute immunity from suit for his in-court testimony pursuant to *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Accordingly, the court dismissed Mishra's complaint. This appeal followed.[1]

---

\* Judge Roth assumed senior status on May 31, 2006.

**1.** We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's judgment de novo. *Wilson v. Rackmill*, 878 F.2d 772 (3d Cir.1989) (absolute immunity); *Gibson v. Superintendent of NJ Dept. of Law and Public Safety*, 411 F.3d 427 (3d Cir.2005) (statute of limitations).

We agree with the District Court that Mishra's claim is untimely. Mishra had two years to file suit from the "final significant event necessary to make the claim suable." *Ross v. Johns–Manville Corp.*, 766 F.2d 823, 826 (3d Cir.1985) (citation omitted); *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080 (3d Cir.1988) (holding that *Bivens* actions are governed by the applicable state law statute of limitations); *Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 233 (3d Cir.2003) (noting that the Pennsylvania limitations period in tort cases is two years). Because the trial ended in June 2000 and the alleged wrongdoing occurred prior to that date, this case was commenced woefully late. Moreover, we agree with the District Court that there is no basis for tolling. Accordingly, we will affirm the order of the District Court. Nolan's motion for summary action is denied as moot.